IN THE UNITED STATES DISTRICT COURT FOR
              THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                    *
CLIFFTON JOHNSON,
                                    *
     Plaintiff,
                                    *
         v.                              CIVIL NO.: WDQ-10-0776
                                    *
NATIONAL RAILROAD ADJUSTMENT
BOARD FIRST DIVISION,               *

     Defendant.                     *

*   *   *   *   *   *   *   *   *   *   *   *   *

                         MEMORANDUM OPINION

     Cliffton Johnson sought to set aside an order by the National Railroad Adjustment Board (the "NRAB") under the Railway Labor Act (the "RLA").[1]  For the following reasons, the NRAB's motion to dismiss will be granted.

I.   Background[2]

     On November 6, 2005, Johnson, a locomotive engineer for CSX Transportation, Inc. ("CSX"), was operating a train from Pennsylvania to New Jersey.  Compl. 1; ECF No. 5, Ex. 9 at 1. Johnson's dispatcher either: (1) told him to stop at "Sunny Meade Road," which Johnson could not hear because the transmission was unintelligible; or (2) never told him where to stop.

---

[1] 45 U.S.C. § 151 *et seq.*

[2] For the NRAB's motion to dismiss, the well-pled allegations in Johnson's complaint are accepted as true.  *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

*See* Compl. 1; Carrier's Ex. A at 83. He did not stop. Compl. 1. On November 10, 2005, CSX sent Johnson an investigation notice stating that, *inter alia*, he had "failed to follow the instructions of the Train Dispatcher by not stopping [his] train as instructed at Sunny Meade Road." *Id.*; Carrier's Ex. A at 91.

On January 16, 2006, CSX held a formal hearing on the charge. *See generally* ECF No. 5, Ex. 4. The hearing officer quoted CSX Operating Rule GR-60, which requires engineers to "comply with instructions of train dispatchers." Compl. 1; Carrier's Ex. A at 87; ECF No. 7 at 2. Johnson, represented by the Brotherhood of Locomotive Engineers and Trainmen (the "Union"), stated that he did not "believe [he had] received specific instructions." Carrier's Ex. A at 87. On February 13, 2006, after considering the evidentiary record, CSX determined that Johnson had violated Rule GR-2, which prohibits "insubordinat[ion]." Org.'s Ex. A at 1. Rule GR-2 was not mentioned at the hearing. Compl. 2. Johnson was assessed a 60-day suspension. *Id*.

The Union appealed CSX's disciplinary decision to the NRAB. Emps.' Ex-Parte Submission 1. The Union argued that insubordination was an "incorrect charge" and a "harsh and arbitrary assessment of discipline." *Id.* at 6. CSX asserted that Johnson had received a "fair and impartial investigation" because he had been "given proper notice of the charge, sufficient time to

2

prepare a defense, the opportunity to produce and examine evidence[,] and the opportunity to present and cross-examine witnesses."  Carrier's Ex-Parte Submission 2, 4.  CSX asserted that it had proven that Johnson's failure to follow instructions had been "insubordinat[ion], in violation of . . . Rule GR-2."  *Id.* at 7.

On March 27, 2008, the NRAB found that Johnson had not been "insubordinate" under Rule GR-2; there had been "no[] clear instruction for him to disobey."  ECF No. 5, Ex. 1 at 3.  However, the NRAB found that Johnson had been "careless"--also prohibited by Rule GR-2--because he "knew that the dispatcher was trying to change his stopping point, and . . . he could not hear her well, but . . . let the train continue" instead of requesting "clarification."  *Id*.  The NRAB ordered that "discipline [was] warranted," but reduced Johnson's suspension to 30 days.  *Id*.

In June 2008, CSX "used the [NRAB's] order in a discipline hearing against [Johnson, resulting in his] dismissal."  *See* Compl. 3.

On March 26, 2010, Johnson filed a *pro se* complaint against the NRAB, seeking to set aside its March 27, 2008 order.[3]  On June 18, 2010, the NRAB moved to dismiss or, in the alternative,

---

[3] On March 31, 2010, Johnson was granted leave to proceed *in forma pauperis*.  ECF No. 3.

3

for summary judgment. ECF No. 5. On July 8, 2010, Johnson opposed that motion. ECF No. 7.

II. Analysis

  A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "'show'" the plaintiff is entitled to relief. *Id.* at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)). "[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief." *Id.* (third alteration in original) (citation and internal quotation marks omitted). The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

B. The NRAB's Motion to Dismiss or, in the Alternative, for Summary Judgment

Johnson seeks to set aside the NRAB's March 27, 2008 order under § 153 First (q) of the RLA,[4] which governs judicial review

---

[4] 45 U.S.C. § 153 First (q).

5

of the NRAB's decisions. *See* Compl. 2; ECF No. 7 at 1. Johnson asserts that the NRAB erred by finding him "careless" under Rule GR-2; because that Rule was not mentioned at the January 16, 2006 investigation hearing, Johnson argues that he could not "defend" against it. Compl. 2; ECF No. 7 at 2. He contends that the NRAB: (1) violated § 158 of the RLA,[5] which governs arbitration agreements; and (2) "breach[ed]" his "due process" rights. Compl. 2; ECF No. 7 at 1.

The NRAB moved to dismiss because it is an "improper party." ECF No. 5 at 1–6.

Under § 153 First (q) of the RLA, an NRAB order may be "set aside" or "remand[ed]" if the NRAB: (1) violated the RLA's requirements; (2) failed to confine itself to "matters within [its own] jurisdiction"; or (3) engaged in "fraud" or "corruption." 45 U.S.C. § 153 First (q).

However, the "NRAB is an improper defendant" under that section because it is simply an "impartial adjudicatory tribunal." *Radin v. United States*, 699 F.2d 681, 686 (4th Cir. 1983).[6] Thus, the NRAB's motion to dismiss must be granted.

---

[5] 45 U.S.C. § 158.

[6] To require the NRAB to defend itself would jeopardize the "integrity and stability of the arbitral process," and deter "qualified arbitrators [from] serv[ing] on NRAB panels." *Radin*, 699 F.2d at 686 n.12; *Skidmore v. Consol. Rail Corp.*, 619 F.2d 157, 159 (2d Cir. 1979), *cert. denied*, 449 U.S. 854 (1980). The NRAB need only file "the record of the proceedings on which it

6

III. Conclusion

For the reasons stated above, the NRAB's motion to dismiss will be granted.

<u>January 20, 2011</u>             _____/s/_____
Date                                   William D. Quarles, Jr.
                                             United States District Judge

---

based its action," which it has done. 45 U.S.C. § 153 First (q); *see* ECF No. 5, Exs. 1–9. Because the "parties in court should be the same as those before the agency," the proper defendant would have been CSX. *See Fong v. American Airlines, Inc.*, 431 F. Supp. 1340, 1343–44 (N.D. Cal. 1977) (dismissing local adjustment board under § 153 First (q); the board "ha[d] made] its decision and any remaining controversy [was] between [the employee] and [his employer]").